ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 JAN 24  PM 3:5

DEPUTY CLERK

| | |
|---|---|
| Norman Strehl and<br>Regina Strehl,<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>Zale Corporation, d/b/a Zales Outlet; and<br>Craig Realty Group, d/b/a Outlets at<br>Silverthorne,<br>　　　　　　Defendants. | **3-17CV 222-N**<br>17-CV-_____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff's Norman and Regina Strehl, pro se, allege upon personal knowledge as to each

of them individually and jointly, and upon information and belief as to all other matters, as

follows:

## NATURE OF THE ACTION

1.　　　This is a personal injury action brought against Defendant Zale Corporation, a

Delaware corporation with corporate offices in Irving, Texas and Craig Realty

Group, a California corporation with corporate offices in Newport Beach, California

for its negligent and grossly negligent failure to maintain reasonable safe facilities at

the Outlets at Silverthorne, a commercial outlet mall open to the public and  Zales

1

Outlet Store, a commercial jewelry store open to the public, located within the Outlets at Silverthorne, Silverthorne, Colorado.

## PARTIES

2.  Plaintiff's Norman and Regina Strehl are a married couple residing in and citizens of the state of Arkansas. Regina Strehl was injured while visiting the Zales Outlet in Silverthorne, Colorado on December 26, 2015. Norman Strehl suffered injury as a result of the injuries sustained by his wife, Regina.

3.  Defendant Zale Corporation is a commercial business engaged in the retail sale of jewelry and having its principal place of business at its corporate headquarters in Irving, Texas. Defendant Zale Corporation is an indispensable party to this action.

4.  Defendant Craig Realty Group is a commercial business engaged in the ownership, development and management of outlet shopping malls and having its principal place of business at its corporate headquarters in Newport Beach, California. Defendant Craig Realty Group is an indispensable party to this action.

## VENUE AND JURISDICTION

5.  This Court has subject matter jurisdiction over this action based on diversity of citizenship, pursuant to 28 U.S.C. §1332.

6.  The amount in controversy exceeds $75,000.00.

7.  Venue is proper in this District, pursuant to 28 U.S.C. §1391(a) and *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

2

## FACTUAL ALLEGATIONS

8.      Norman and Regina Strehl were on vacation, away from their residence in Little

Rock, Arkansas, in Colorado on December 26, 2015.

9.      On December 26, 2015 while shopping at the Outlets at Silverthorne in Silverthorne,

Colorado Regina Strehl entered the Zales Outlet jewelry store located within the mall

complex.

10.     Zales Outlet was open for business to the public and entry was had through the

public entrance at the store.

11.     The Outlets at Silverthorne is an open-air outlet mall and mall property under the

direct control and supervision of mall management is immediately adjacent to the

entrance doors to Zales Outlet.

12.     The area immediately outside the doors of Zales Outlet is a tiled area exposed to the

elements.

13.     The immediate entry point inside the entrance to Zales Outlet is tiled floor; the

remainder of the store is carpeted. There was no rug or other barrier on top of the tile

flooring at the time of Regina Strehl's injuries.

14.     As Regina Strehl entered Zales Outlet crossing the threshold from outside the door,

she immediately slipped on the floor. In an effort to prevent falling to the ground,

Regina Strehl grabbed hold of the door and in doing so twisted her right leg in an

unnatural position.

3

15.     Regina Strehl immediately suffered injury from the fall and was in excruciating pain as a result of the fall.

16.     Norman Strehl was present during the injury resulting from the fall and witnessed portions of it and the aftermath.

17.     Both Norman and Regina Strehl later observed ice, "slushy snow" and water had accumulated at the interior entrance to Zales Outlets, as well as at the threshold of the entrance door. There were no warning signs, either inside or outside the store, which indicated wet or icy conditions and no items were in apparent sight which indicated the employees of Outlets at Silverthorne or Zales Outlet had attempted to clean the area.

18.     Law enforcement and emergency medical personnel responded to the Zales Outlet regarding this incident.

19.     Silverthorne Police Officer M. Higby completed report number 2015-6246 concerning this incident. Officer Higby made note of the "slushy snow" and water on the tile floor as well as the excruciating pain suffered by Regina Strehl. See Exhibit A.

20.     Officer Higby further requested copies of the video surveillance from Zales Outlet and the Zales Outlet manager, Mark Finn, refused to provide copies.

21.     Manager Finn further stated no employee of the Zales Outlet witnessed the incident.

22.     Regina Strehl was unable to walk or support her weight on her right leg and was transported by ambulance to Summit Medical Center where she was admitted with a partially separated ham string.

23.   Regina Strehl was discharged from Summit Medical Center on December 28, 2015.

24.   Regina Strehl suffered immense pain as a result of the fall and injury for several days after being released from the hospital as well as the deleterious side effects of the pain medication she was prescribed.

25.   Due to the immense pain and side effects of pain medication, Regina Strehl was unable to drive or enjoy the vacation she had planned with her husband.

26.   Norman Strehl was unable to enjoy the consortium of his wife or the vacation as a result of the injuries suffered by Regina Strehl and such loss continued for several months.

27.   Regina Strehl suffered ongoing pain as a result of the injuries, was unable to walk without aid of a cane for some months and was required to undergo intense physical therapy to recover from the injuries.

28.   Regina Strehl was cleared to return to employment on April 13, 2016.

29.   Regina Strehl encumbered medical expenses in the amount of $28,633.83 which were not covered by insurance and are now due and outstanding. See Exhibit B.

30.   Plaintiffs filed a claim with Zale Corporation for compensation as a result of their negligence, which was denied on July 7, 2016. See Exhibit C.

## FIRST CAUSE OF ACTION AS TO ZALE CORPORATION
### [Negligence as to Regina Strehl]

31.     The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged

and incorporated by reference as if fully set forth herein.

32.     Zales Outlet had a duty to provide reasonable safe facilities in its store areas open to

the public and which customers and guests frequented, including signage to warn of

wet and slippery conditions as well as to ensure timely and adequate cleanup of areas

of water, ice and snow that were known or should have been reasonably known to

present of likelihood of falls and injury.

33.     Zales Outlet breached its duty to provide reasonably safe facilities by failing to

adequately warn entering customers and guests of the dangers of falling due to ice,

snow and water as well as not adequately maintaining the entrance in a dry and safe

manner.

34.     It was reasonably foreseeable that, by failing to provide adequate warning signage

and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl,

would be injured when entering the store.

35.     Zales Outlet's failure to provide adequate warning signage and a dry and safe

entrance, or any other reasonable feature, to protect customers and guests entering

the store from falls and injury was the direct and proximate cause of Regina Strehl's

excruciating pain and suffering and serious injuries.

6

36.    As a result of Zales Outlet's negligence in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers and guests entering the store from falls and injury Regina Strehl has suffered actual damages. These damages include pain and suffering, a serious leg injury, medical bills and related costs of treatment, loss of enjoyment of a planned vacation with her husband, lost work time and income. It is unknown if there will be long-term consequences of the fall and injury which have yet to manifest.

## SECOND CAUSE OF ACTION AS TO ZALE CORPORATION
### [Gross Negligence as to Regina Strehl]

37.    The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

38.    Zales Outlet had a duty to provide reasonable safe facilities in its store areas open to the public and which customers and guests frequented, including signage to warn of wet and slippery conditions as well as to ensure timely and adequate cleanup of areas of water, ice and snow that were known or should have been reasonably known to present of likelihood of falls and injury.

39.    Zales Outlet breached its duty to provide reasonably safe facilities by failing to adequately warn entering customers and guests of the dangers of falling due to ice, snow and water as well as not adequately maintaining the entrance in a dry and safe manner.

40.     It was reasonably foreseeable that, by failing to provide adequate warning signage

and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl,

would be injured when entering the store.

41.     Zales Outlet's wanton, willful and reckless disregard for the safety of its customers

and guests in failing to provide adequate warning signage and a dry and safe

entrance, or any other reasonable feature, to protect customers entering the store

from falls and injury was the direct and proximate cause of Regina Strehl's

excruciating pain and suffering and serious injuries.

42.     As a result of Zales Outlet's gross negligence and wanton, willful and reckless

disregard for the safety of its customers and guests in failing to provide adequate

warning signage and a dry and safe entrance, or any other reasonable feature, to

protect customers entering the store from falls and injury Regina Strehl has suffered

actual damages. These damages include pain and suffering, a serious leg injury,

medical bills and related costs of treatment, loss of enjoyment of a planned vacation

with her husband, lost work time and income. It is unknown if there will be long-

term consequences of the fall and injury which have yet to manifest.

43.     Because of Zales Outlet's gross negligence was wanton, willful and in reckless

disregard for the safety of its customers and guests, punitive damages should also be

awarded against it in an amount to be determined at trial.

## THIRD CAUSE OF ACTION AS TO CRAIG REALTY GROUP
### [Negligence as to Regina Strehl]

44.     The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

45.     Outlets at Silverthorne had a duty to provide reasonable safe facilities in its store areas open to the public and which customers and guests frequented, including signage to warn of wet and slippery conditions as well as to ensure timely and adequate cleanup of areas of water, ice and snow that were known or should have been reasonably known to present of likelihood of falls and injury.

46.     Outlets at Silverthorne breached its duty to provide reasonably safe facilities by failing to adequately warn entering customers and guests of the dangers of falling due to ice, snow and water as well as not adequately maintaining the entrance in a dry and safe manner.

47.     It was reasonably foreseeable that, by failing to provide adequate warning signage and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl, would be injured when entering the store.

48.     Outlets at Silverthorne's failure to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers and guests entering the store from falls and injury was the direct and proximate cause of Regina Strehl's excruciating pain and suffering and serious injuries.

49.    As a result of Outlets at Silverthorne's negligence in failing to provide adequate
warning signage and a dry and safe entrance, or any other reasonable feature, to
protect customers and guests entering the store from falls and injury Regina Strehl
has suffered actual damages. These damages include pain and suffering, a serious leg
injury, medical bills and related costs of treatment, loss of enjoyment of a planned
vacation with her husband, lost work time and income. It is unknown if there will be
long-term consequences of the fall and injury which have yet to manifest.

## FOURTH CAUSE OF ACTION AS TO CRAIG REALTY GROUP
### [Negligence as to Regina Strehl]

50.    The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged
and incorporated by reference as if fully set forth herein.

51.    Outlets at Silverthorne had a duty to provide reasonable safe facilities in its store
areas open to the public and which customers and guests frequented, including
signage to warn of wet and slippery conditions as well as to ensure timely and
adequate cleanup of areas of water, ice and snow that were known or should have
been reasonably known to present of likelihood of falls and injury.

52.    Outlets at Silverthorne breached its duty to provide reasonably safe facilities by
failing to adequately warn entering customers and guests of the dangers of falling
due to ice, snow and water as well as not adequately maintaining the entrance in a
dry and safe manner.

53.   It was reasonably foreseeable that, by failing to provide adequate warning signage and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl, would be injured when entering the store.

54.   Outlets at Silverthorne's wanton, willful and reckless disregard for the safety of its customers and guests in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers entering the store from falls and injury was the direct and proximate cause of Regina Strehl's excruciating pain and suffering and serious injuries.

55.   As a result of Outlets at Silverthorne's gross negligence and wanton, willful and reckless disregard for the safety of its customers and guests in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers entering the store from falls and injury Regina Strehl has suffered actual damages. These damages include pain and suffering, a serious leg injury, medical bills and related costs of treatment, loss of enjoyment of a planned vacation with her husband, lost work time and income. It is unknown if there will be long-term consequences of the fall and injury which have yet to manifest.

56.   Because of Outlets at Silverthorne's gross negligence was wanton, willful and in reckless disregard for the safety of its customers and guests, punitive damages should also be awarded against it in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION AS TO ZALE CORPORATION
### [Loss of Consortium as to Norman Strehl]

57.    The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

58.    As a direct and proximate result of defendant Zale Corporation's negligent and grossly negligent conduct, plaintiff's spouse suffered the serious and grievous physical injuries

59.    Before suffering these injuries, plaintiff's spouse was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to plaintiff.

60.    As a direct and proximate result of the injuries, plaintiff's spouse was unable to perform the duties of a wife to provide solace and comfort, engage in romantic relations, participate in family, recreational, or social activities with plaintiff, or contribute to the household income during the time of the injuries. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical and psychological strains they caused him, plaintiff's spouse was no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace during the time of the injury and significant recovery period. Plaintiff was therefore deprived his spouse's consortium, all to plaintiff's damage.

## SIXTH CAUSE OF ACTION AS TO CRAIG REALTY GROUP
### [Loss of Consortium as to Norman Strehl]

61.    The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

62.    As a direct and proximate result of defendant Craig Realty Group's negligent and grossly negligent conduct, plaintiff's spouse suffered the serious and grievous physical injuries

63.    Before suffering these injuries, plaintiff's spouse was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to plaintiff.

64.    As a direct and proximate result of the injuries, plaintiff's spouse was unable to perform the duties of a wife to provide solace and comfort, engage in romantic relations, participate in family, recreational, or social activities with plaintiff, or contribute to the household income during the time of the injuries. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical and psychological strains they caused him, plaintiff's spouse was no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace during the time of the injury and significant recovery period. Plaintiff was therefore deprived his spouse's consortium, all to plaintiff's damage.

Case 3:17-cv-00222-N    Document 3    Filed 01/24/17    Page 14 of 20    PageID 18

## JURY DEMAND

65.    Plaintiff's hereby demand a trial by jury.

## PRAYER FOR RELIEF

A.    Awarding actual damages, jointly and severally, resulting from Defendants'

wrongdoing in excess of $75,000;

B.    Punitive damages in an amount to be proven at trial;

C.    Pre- and post-judgment costs, interest and attorney's fees;

D.    Such other and further relief as this Court may deem appropriate and equitable.

DATED:    Little Rock, Arkansas
January 18, 2017

Regina Strehl
Plaintiff

Norman Strehl
Plaintiff

219 South Cross Street Apt. 1
Little Rock, Arkansas 72201
501-612-4137

14

Addresses of Defendants:


Zale Corporation
901 West Walnut Hill Lane
Irving, Texas 75038

Craig Realty Group
4100 MacArthur Boulevard. Suite 200
Newport Beach, California 92660

**Narrative mhigby 010116**

EXHIBIT

A

Silverthorne Police Department
Case # 2015-6246
Incident Narrative

COPY

Sergeant Higby reporting:

**NARRATIVE:**

On December 26, 2015 at about 1627 hours, I was dispatched to a medical at Zales, located at 135 Stephens Way, Unit B, in the Town of Silverthorne, Summit County, Colorado.

Upon arrival, I observed a female, later identified as Regina L Strehl (DOB 09-25-62), was sitting on a chair off to the side from the front door and was complaining of great pain. After some time I was able to calm her down and she stated the following:

> She and her husband Norm Strehl (DOB 10-16-52) were shopping at the Silverthorne Outlets. She entered the Zales jewelry store and slipped on the tile portion located after the threshold portion of the door. The rest of the store is fully carpeted, excluding this small portion. As she slipped on the tile that was wet and covered with slushy snow she leaned back and grabbed for the door so she would not fall. When she did this, she felt immense pain from her hip down towards the back of her knee. She felt as if it were a rubber band and something pulled back (simulating a rubber band being pulled back) causing immense pain.

I asked her on a scale of 0 (no pain) to 10 (the most pain) where she was at and she said above a 10. It was obvious she was in immense pain as her face was red, she was breathing hard, sweating, and could not move her right leg. Once medical arrived on scene, she was transported to the Summit Medical Center via the ambulance as she was not able to walk due to this injury.

I spoke with the manager on duty, Mark Finn, who had stated no one saw the incident and were unaware as to what had happened. I requested for a copy of the video footage and was told he would have to look into it.

On January 1, 2016 at about 1451 hours, I returned his phone call as he had called prior. Norm stated they stayed in the hospital for about two days due to her torn ligament from this incident. As of today, I have not received a phone call from Zales regarding the video footage.

**ADDITIONAL:**

I wrote a report per the request of the Outlet Security and Norm.

**ATTACHMENTS:**

n/a

*Officer Name/Badge #:* M. Higby SPD#6
*Date:* January 1, 2016

1

EXHIBIT B

## Medical expenses from Accident at Zale's 12/26/15

| Name | Amount | Date | Whom paid it | How much was paid | Explanation |
|---|---|---|---|---|---|
| St Anthony Hospital | $25,296.94 | 12/26/15 | Never Got a Bill | total bill | Suspect this bill was written off |
| Summit County Ambulance Service | $1,619.00 | 12/26/15 | Never Got a Bill | total bill | Suspect this bill was written off |
| Apex Emergency Group | $732.00 | 12/26/15 | Never Got a Bill | total bill | Suspect this bill was written off |
| Vail Summit Orthopaedics | $255.00 | 12/26/15 | Not Paid | Collections | |
| Mark Norden, MD | $210.00 | 12/16/15 | Not Paid | | |
| Shreelekha Nallur, MD | $188.00 | 01/13/16 | Ar Medicare/Blue Shield | $117.66 | |
| Arkansas Specialty/Dr Eric Gorden | $165.00 | 01/26/16 | Ar Medicare/Blue Shield | $117.66 | |
| Wagner PT | $120.00 | 02/11/16 | Ar Medicare/Blue Shield | $77.82 | |
| Wagner PT | $45.00 | 02/11/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/15/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/15/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/15/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/17/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/17/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/17/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/19/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/19/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/19/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/24/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/24/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/24/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 03/02/16 | Ar Medicare/Blue Shield | $79.43 | |
| Wagner PT | $110.00 | 04/13/16 | Ar Medicare/Blue Shield | $46.86 | |
| Arkansas Specialty/Dr Eric Gorden | $67.00 | 12/28/15 | N&R Strehl | $175.88 | Medicine when discharged from Hospital |
| Walgreen | $175.77 | 01/15/16 | Ar Medicare/Blue Shield | $2.95 | |
| Walgreen | $6.40 | 01/25/16 | Ar Medicare/Blue Shield | $2.95 | |
| Walgreen | $6.40 | 01/25/16 | Ar Medicare/Blue Shield | $12.02 | |
| Walgreen | $25.42 | | Ar Medicare/Blue Shield | | |
| TOTAL | $29,876.93 | | | $1,243.10 | |

Gallagher Bassett Services, Inc.

> ### EXHIBIT
> # C

July 7, 2016

Regina Strehl
219 S Cross St #1
Little Rock, Ar  72201

RE:    Our Client:        Zales Outlet
       Claimant:          above
       Our Claim No:      004041000929gb01
       Date of Accident:  12-26-2015

Ms Strehl,

Gallagher Bassett Services, Inc. is the claims administrator for the above captioned client.  We
believe that we now have enough of the facts and circumstances surrounding your claim to
enable us to make a decision.

Please be advised, we are not required to pay all claims as presented, regardless of cause or
manner of the accident. Our position is to indemnify only if our client was legally at fault. In
consideration of that responsibility, we are guided by all the information that becomes available
to us during the course of investigation.

We have attempted to appraise fairly and properly all of the information and reports available to
us regarding the occurrence of this incident. Being guided by these facts, it is our conclusion that
our client is not responsible for this loss.

However, our client provides medical coverage up to $10,000 for one year from the date of loss
for all accident related medical treatment.

Sincerely,

*Janice Knerr*

Janice Knerr
Senior Resolution Manager
1215 Manor Drive; Mechanicsburg, Pa 170557
Email:  Janice_knerr@gbtpa.com
Phone:  717 610 3920

jk

219 South Cross St. Apt. 1
Little Rock, AR 72201
501-612-4137

January 20, 2017

United States District Court
Northern District of Texas
Office of the Clerk – Civil Division
1100 Commerce St. Room 1452
Dallas, TX 75242

   Re: Filing of Complaint

Dear Sir or Madam:

Please find the enclosed original and four true copies of the Complaint we wish to file in this matter. The original and one (1) copy are for the Court's records. Also enclosed are the Civil Cover Sheet, two completed Summons for the listed defendants, and a Certificate of Interested Persons.

We are initiating this matter pro se and have completed the forms as indicated by the instructions and to the best of our knowledge.

Please file stamp and return three (3) copies of the Complaint as well as the Summons to the address listed above, so that we may begin the service of process as to each defendant.

If you have any questions or need any additional information, please contact us at the phone number listed above.

Thank you for your assistance.

           Sincerely,

           Norman & Regina Strehl

JS 44 (Rev. 08/16)    Case 3:17-cv-00222-N    Document 3    Filed 01/24/17    Page 20 of 20    PageID 24

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Regina Strehl
Norman Strehl

**DEFENDANTS**
Zale Corporation
Craig Realty Group

**(b)** County of Residence of First Listed Plaintiff    Pulaski County, Arkansas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Dallas County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Personaly injury and loss of consortium claim arising from slip and fall accident on premises of defendants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  1/20/17
SIGNATURE OF ATTORNEY OF RECORD    *Regina Strehl*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____